## HELVERING, Commissioner of Internal Revenue, v. EINHORN.

### Nos. 87–91.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1938.

James W. Morris, Asst. Atty. Gen., Sewall Key and Maurice J. Mahoney, Sp. Asst. Attys. Gen., for petitioner.

Nordlinger, Riegelman & Cooper and Sperry & Yankauer, all of New York City (H. H. Nordlinger, Henry Waldman, and Walter D. Yankauer, all of New York City, of counsel), for respondent.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

### PER CURIAM.

This appeal involves the same point on which Helvering v. Schoellkopf, 2 Cir., 100 F.2d 415 turned, the opinion in which is handed down herewith. The only question needing added discussion is whether the holding company which was dissolved, in fact transferred any assets to the subsidiary. This the Board found, but the Commissioner denies. The taxpayer urges that the point was not raised below, but this we have no means of knowing from the record, as the Commissioner was appellee before the Board. The company was liquidated by turning over to its shareholders all the shares of its subsidiary and $50,000 in cash, added to make the distribution equal to the capital and surplus of the parent. The resolutions by which the reorganization and liquidation went through spoke of "bonds and other securities", which were to be turned over to the subsidiary as part of the transaction, but they did not define in detail what these were: the parties stipulated that the steps proposed in these resolutions were in fact taken, and that necessarily implied that some "bonds and other securities" were so turned over. The only basis for the Commissioner's attack upon the Board's finding is a balance sheet of the parent company, set forth in the taxpayer's petition of review to the Board, which was never put in evidence. Assuming, arguendo, that it may nevertheless be taken as an admission against him, it showed in round figures: As assets, $26,000 in cash, $273,000 in shares and $223,000 in bonds; as liabilities—omitting capital stock, surplus and reserves—$225,000. In this account the shares of the subsidiary must have been carried at par, because their agreed value was nearly $700,000, and was therefore alone almost three times the whole sum carried as "Stocks". This is the first reason why the balance sheet cannot have been made at actual values. The second reason is this. There were only $23,000 in shares available over and above the shares of the subsidiary, and assuming that these also and the bonds were carried at par there was available as free assets above the debts only about $47,000. But this was $3,000 less than the sum distributed as cash to the shareholders. That sum was in fact raised, and must have come from securities carried at less than their value. There is therefore no basis for the Commissioner's argument, though we cannot, it is true, know how much was turned over to the subsidiary. However that is not necessary, for the whole transaction was carried out in entire good faith and was a reorganization.

Order affirmed.